UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

C.D.,

        Plaintiff,

    v.

KILOLO KIJAKAZI,

        Defendant.

Case No. 18-cv-03802-VKD

**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR FEES**

Re: Dkt. No. 29

## I. BACKGROUND

In this Social Security appeal,[1] the Court granted in part plaintiff C.D.'s motion for summary judgment, remanded the case for further agency proceedings, and entered judgment accordingly. Dkt. Nos. 25, 26. The Court subsequently approved the parties' stipulation for an award of attorney's fees in the amount of $7,700 to C.D.'s counsel, Katherine Siegfried, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2142. Dkt. No. 28. On remand, the Social Security Administration ("SSA") concluded that C.D. is entitled to receive retroactive benefits in the amount of $74,529. Dkt. No. 29-4.

The record indicates that prior to the filing of this appeal, C.D. and Ms. Seigfried entered into a contingency fee agreement, which provides for a fee of 25% of C.D.'s past-due benefits resulting from a favorable disability claim. Dkt. No. 29-3. The SSA's August 2021 Notice of Award informed C.D. that 25% of her past-due benefits, or $18,632.25, was being withheld in the event attorney's fees were payable to Ms. Siegfried under the Social Security Act. Dkt. No. 29-4.

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, is substituted as defendant in place of Andrew M. Saul.

1  Ms. Siegfried now seeks $12,700, or approximately 17% of those past-due benefits pursuant to 42 U.S.C. § 406(b) and her fee agreement with C.D.  Ms. Siegfried acknowledges that she must reimburse C.D. for the previous $7,700 EAJA fee award, leaving a net fee award of $5,000.

The record indicates that Ms. Siegfried mailed and emailed copies of the present motion to C.D.  Dkt. No. 29-1, ¶ 9.  Ms. Siegfried states that C.D. has not indicated that she has any objection.  *Id*.  The Commissioner does not oppose the motion, but notes that she also does not take a position on the reasonableness of the fees requested.  Dkt. No. 30.  The record indicates that the Commissioner mailed a copy of her response to C.D. on September 3, 2021.  Dkt. No. 31.  The Court has not received any opposition or response from C.D. regarding this matter, and the time for submitting such papers has passed.  *See* Civ. L.R. 7-3.  The motion is deemed suitable for determination without oral argument.  Civ. L.R. 7-1(b).  Upon consideration of the moving and responding papers, the Court grants the motion for fees.

## II.     DISCUSSION

When a court renders judgment favorable to a claimant represented by an attorney, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"  42 U.S.C. § 406(b)(1)(A).  A court may award such fees even if the court's judgment did not immediately result in an award of past-due benefits.  *Butler v. Colvin*, No. 3:14-cv-02050-LB, 2017 WL 446290, at *1 (N.D. Cal. Feb. 2, 2017).  Although a district court may award fees under both the EAJA and § 406(b), "'the claimant's attorney must refund to the claimant the amount of the smaller fee.'"  *Crawford v. Astrue*, 586 F.3d 1142, 1144 n.3 (9th Cir. 2009) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)).

"Attorneys specializing in social security work 'routinely enter into contingent-fee agreements specifying that the fee will be 25% of any past-due benefits recovered, thus providing the attorney the statutory maximum of fees if the representation is successful.'"  *Mercado v. Saul*, No. 16-cv-04200-BLF, 2020 WL 2512235, at *1 (N.D. Cal. May 15, 2020) (quoting *Crawford*, 586 F.3d at 1147).  Section 406(b) "does not displace contingent-fee agreements as the primary

2

means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. "The statute does not specify how courts should determine whether a requested fee is reasonable" and "provides only that the fee must not exceed 25% of the past-due benefits awarded." *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."). The attorney seeking fees must show that the fees sought are reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807.

In determining a reasonable fee award under § 406(b), courts "must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). In this context, reasonableness does not depend on lodestar calculations, but upon "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Fees resulting from a contingent fee agreement are unreasonable and subject to reduction by the court "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). Although the Supreme Court has "flatly rejected [a] lodestar approach," *id*., a court may require, "not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," submission of the requesting attorney's records of the hours worked and normal hourly billing rate for non-contingent fee cases. *Gisbrecht*, 535 U.S. at 808.

Ms. Siegfried has demonstrated that the requested fees are reasonable for the services rendered. Her contingency fee agreement with C.D. provides for fees within the 25% limit imposed by § 406(b). Dkt. No. 29-3. Moreover, Ms. Siegfried seeks fees that are less than the 25% maximum allowed under the law. She successfully pursued this appeal and obtained a favorable result for C.D. Nothing in the record suggests that Ms. Siegfried's performance was

substandard or that she engaged in dilatory conduct in order to increase the amount of fees to be awarded. Although not dispositive, Ms. Siegfried's time records indicate that she spent a total of 43.2 hours on this matter, yielding a *de facto* hourly rate of $293.98, which is higher than the EAJA rate of $125/hour, but less than the $500/hour Ms. Siegfried says she charges in non-contingent fee matters. Dkt. No. 29-1 ¶ 11; Dkt. No. 29-2. Having reviewed Ms. Siegfried's time records, the Court concludes that C.D.'s past-due benefits are not disproportionate to the time Ms. Siegfried spent on this matter and do not result in an impermissible windfall. *See generally Hearn v. Barnhart*, 262 F.Supp.2d 1033, 1037 (N.D. Cal. 2003) (noting that in Social Security cases, courts have awarded fees based on *de facto* hourly rates ranging from $187.55 to $694.44); *see also, e.g., Williams v. Berryhill*, No. 18-cv-07126-LB, 2021 WL 3037718 (N.D. Cal. July 19, 2021) (awarding $16,916 in fees following an award of $67,664 in retroactive benefits). The Court also observes that the SSA award entails more than just the past-due benefits on which the requested fees are based and include hospital and medical insurance. *See* Dkt. No. 29-4. Moreover, Ms. Siegfried assumed a considerable risk of not recovering fees when she accepted representation of this matter in 2018, at a time when the SSA had denied C.D.'s application for benefits and counsel could not have known how the present appeal would be resolved.

Accordingly, Ms. Siegfried's motion for fees is granted.

## III. CONCLUSION

Based on the foregoing, the motion for fees pursuant to 42 U.S.C. § 406(b) is granted. The Court awards $12,700 in fees to Ms. Siegfried. Ms. Siegfried shall refund to C.D. the $7,700 in EAJA fees previously awarded.

**IT IS SO ORDERED.**

Dated: October 26, 2021

VIRGINIA K. DEMARCHI
United States Magistrate Judge